UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:    JOHN CHARLES KLUMPP, III                          CASE NO. 13-11831

CHARLENE TATE KLUMPP                                         SECTION "A"

DEBTORS                                                      CHAPTER 13

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STIPULATION REGARDING THE MOTION FOR
RELIEF FOR AUTOMATIC STAY**

IT IS HEREBY AGREED by and between counsel for the parties Select Portfolio Servicing, Inc. as servicer for DLJ Mortgage Capital, Inc. ("Select Portfolio Servicing, Inc.") and John Charles Klumpp, III and Charlene Tate Klumpp ("Debtors") that an Order should be entered so that the automatic stay be modified as follows:

IT IS AGREED that Debtors are post-petition delinquent as follows:

1.   Attorney Fee …………………………………………………....            500.00

2.   Court Cost …………………………………………………….………..           176.00

                                                        TOTAL    $676.00

IT IS FUTHER AGREED that Debtors shall file a plan modification within fifteen (15) days from entry of the Order to cure the post-petition delinquency of $676.00 and to pay the total claim of Select Portfolio Servicing, Inc. (Claim No. 11) in the amount of $38,587.14 by payment through the Trustee's office over the remaining terms of the plan, and that upon confirmation of the modification, the Trustee shall schedule the total amount of $39,263.14 to be paid to Select Portfolio Servicing, Inc.  Should Debtors fail to file a plan modification within fifteen (15) days from the entry of the Order to cure the post-petition delinquency, then said event will constitute a default of the Order, and Select Portfolio Servicing, Inc. shall provide Debtors and Debtors'

counsel with notice of default and fourteen (14) days right to cure.  Should the default not be cured within the fourteen (14) days, and the Court shall lift the stay upon the presentation of an affidavit of default executed by a representative of Select Portfolio Servicing, Inc.

    IT IS FURTHER AGREED that should this case be converted to any other Chapter of the Bankruptcy Code, the Order shall survive conversion.  The order shall survive one (1) year after entry of the Order, or until this case is dismissed, if the dismissal occurs prior to the passage of the one (1) year period referenced herein.

    THIS STIPULATION READ AND AGREED this _____ day of June, 2014.


/s/ Tabitha Mangano                          /s/ Kevin K. Gipson  
Tabitha Mangano (No. 32569)           Kevin K. Gipson (No. 17604)  
JACKSON & McPHERSON, L.L.C.    Attorney for Debtors  
1010 Common Street, Suite 1800       3920 General DeGaulle Dr.  
New Orleans, Louisiana 70112         New Orleans, Louisiana 70114  
504-581-9444                                      504-368-4101